IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BEHZAD KAVEH, et al.,
    *Plaintiffs*,

v.

MARCO RUBIO,[1]
    *Defendant*

Case No. 24-cv-0977-ABA

## MEMORANDUM OPINION

Plaintiffs Behzad Kaveh and Tahmineh Piruzan became engaged to be married. Mr. Kaveh is a United States citizen and Ms. Piruzan is an Iranian national living in Iran. Ms. Piruzan sought to come to the United States under a K-1 nonimmigrant visa to marry Mr. Kaveh. The State Department issued a "refusal" of the visa application, but then, after Ms. Piruzan submitted additional information and sought reconsideration of the refusal, the State Department did not take further action on the application. Mr. Kaveh and Ms. Piruzan have sued, seeking to compel the Secretary of State to take further action regarding Ms. Piruzan's visa application. The Secretary has moved to dismiss Plaintiffs' complaint. For the reasons stated below, the Court will grant the motion to dismiss as Plaintiffs have not identified a clear non-discretionary duty that the Secretary has failed to perform, leaving the Court without jurisdiction to review the matter.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), a public "officer's successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name."

## BACKGROUND

"To be admitted to the United States, a noncitizen typically needs a visa." *Department of State v. Muñoz*, 602 U.S. 899, 903 (2024). "Visa decisions are made by the political branches." *Id.* "As a general matter, Congress sets the terms for entry, and the Department of State implements those requirements at United States Embassies and consulates in foreign countries." *Id.*

On April 7, 2023, Mr. Kaveh, a U.S. citizen, filed an application for a nonimmigrant visa for his fiancée, Ms. Piruzan. ECF No. 1 ¶¶ 2, 74-75. The application was for a K-1 visa, which, if granted, permits a foreign-citizen fiancé(e) to travel to the United States and marry his or her U.S. citizen sponsor (within 90 days of arrival). 22 CFR § 41.81(a). On June 13, 2023, as part of the application process, Ms. Piruzan was interviewed at the U.S. embassy in Abu Dhabi. ECF No. 1 ¶¶ 3, 77. The consular officer who interviewed her refused the visa and placed the application in administrative processing. *Id.* ¶¶ 4, 77. After the interview, the embassy requested additional information from Ms. Piruzan as part of the administrative processing, which she timely provided. *Id.* ¶¶ 5, 78-79. The consular officer has not thereafter informed Plaintiffs of any additional action taken on the application in the last twenty-one months since the interview. *Id.* ¶¶ 3-4, 6, 80-83. Plaintiffs allege that after placing the application in administrative processing, and having received the additional information requested from Ms. Piruzan, the consular officer has unreasonably delayed in making a final decision on the application by refusing the visa again or issuing it. *Id.* ¶¶ 6, 81. The

Secretary asserts that the final refusal was made on June 13, 2023, and nothing more is required. ECF No. 8 at 2, 4-14.[2]

Plaintiffs filed their complaint on April 3, 2024. They seek to compel the Secretary to make a final adjudication on the visa application under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1) and (2). ECF No. 1 ¶¶ 100-59. The Secretary filed the pending motion to dismiss, to which Plaintiffs responded and the Secretary replied. ECF Nos. 8, 9, 10, & 13. The parties also filed several notices of supplemental authority and responses thereto. ECF Nos. 14, 15, 16, 17.

## STANDARD

The Secretary has moved for dismissal under Federal Rule of Civil Procedure 12(b)(1) and (6). Because this Court concludes that it lacks subject matter jurisdiction pursuant to Rule 12(b)(1), the Court will not address the motion under Rule 12(b)(6). When a party challenges jurisdiction, it challenges the court's authority to hear the case. "A Rule 12(b)(1) motion to dismiss should be granted 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Zeigler v. Eastman Chem. Co.*, 54 F.4th 187, 194 (4th Cir. 2022) (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)). "[T]he burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss under Rule 12(b)(1), "a district court may properly consider such 'evidence outside the pleadings without converting the proceeding to one

---

[2] All page citations to filings correspond to the ECF pagination, which may not be identical to the pagination used by the parties.

3

for summary judgment.'" *Zeigler*, 54 F.4th at 200 (quoting *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768).

## DISCUSSION

### A.    The Statutory Framework

A noncitizen fiancé(e) of a U.S. citizen can receive a K-1 nonimmigrant visa allowing the noncitizen to travel to the United States to marry his or her fiancé(e). 8 U.S.C. §§ 1101(a)(15)(K), 1184(d); 8 C.F.R. § 214.2(k). In the first step of this process, the U.S. citizen fiancé(e) must file a petition on behalf of their noncitizen fiancé(e). 8 U.S.C. § 1184(d); 8 C.F.R. § 214(k). After the State Department approves the petition, the noncitizen's fiancé(e) must have an interview with a consular officer and execute the visa application. 8 U.S.C. § 1202(h); 22 C.F.R. § 41.102. "When a visa application has been properly completed and executed in accordance with the provisions of the INA and the implementing regulations," the consular officer must either "issue the visa, refuse the visa, or, pursuant to an outstanding order under INA 243(d), discontinue granting the visa." 22 C.F.R. § 41.121(a).

One statutory provision under which a nonimmigrant visa can be refused is INA § 221(g). *Id.* Under INA § 221(g), which is codified at 8 U.S.C. § 1201(g), the consular officer at the interview may refuse to issue the visa based on, among other things, the applicant's failure to demonstrate eligibility. 8 U.S.C. § 1201(g). As part of a refusal under INA § 221(g), the consular officer may place the application in administrative processing and request that the applicant submit further materials that could result in reconsideration of the refusal. *See Turner v. Blinken*, No. 24-cv-318-RBD, 2024 WL 4957178, at *1 (D. Md. Dec. 3, 2024) ("Administrative processing under INA § 221(g) constitutes refusal of a visa application.") (citing 8 C.F.R. § 41.121(a)); *id.* at *2 ("Section

221(g) . . . permits a consular officer to provide the applicant additional administrative process to establish his eligibility such that the consular officer reconsiders the initial visa refusal.") (citing 8 U.S.C. § 1361; 8 U.S.C. § 1201(g)). That is the posture here, but the parties disagree on whether the consular officer has made a final refusal and thus completed the State Department's duty to "issue" or "refuse" the visa.

B.   **The Court Lacks Subject Matter Jurisdiction**

"Both the Mandamus Act and APA § 706(1) enable courts to compel an agency to perform a non-discretionary duty owed to a plaintiff." *Id.* at *1 n.3 (citing 28 U.S.C. § 1361 and 5 U.S.C. § 706(1)). The same analysis applies to the Mandamus Act and the relevant sections of the APA, with mandamus relief being "duplicative of [the] cause of action under the APA." *Id.* (quoting *Jahangiri v. Blinken*, Civ. No. 23-cv-2722-DKC, 2024 WL 1656269, at * 14 (D. Md. Apr. 17, 2024)). Thus, the Court will analyze Plaintiffs' claims under the APA; the analysis is the same under the Mandamus Act.

Section 706 of the APA provides that a "reviewing court . . . shall . . . compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), and "hold unlawful and set aside agency action [or inaction] . . .  found to be," among other things, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "without observance of procedure required by law." *Id.* § 706(2)(A) & (D); *see also id.* § 551(13) (defining "agency action," in part, as a "failure to act"). Section 555(b) of the APA states that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." *Id.* § 555(b). Plaintiffs assert that the Court should compel a final determination of the visa application under these provisions of the APA.

An APA claim alleging that an agency has "unlawfully withheld" agency action under section 706 "can proceed only where a plaintiff asserts that an agency failed to

5

take a *discrete* agency action that it *is required to take.*" *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004); *see also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (holding that mandamus relief is available "only if the defendant owes . . . a clear nondiscretionary duty").

Plaintiffs assert that 22 C.F.R. § 41.121 provides that clear non-discretionary duty. As stated, section 41.212 provides in relevant part that "the consular officer must issue the visa [or] refuse the visa." 22 C.F.R. § 41.121(a). There is no dispute that the Secretary did not "issue" a visa to Ms. Piruzan. The question is whether the Secretary "refuse[d]" the visa (and, if not, whether there is a clear non-discretionary duty to issue or refuse a visa application). Plaintiffs allege that the Secretary has failed to perform the non-discretionary duty of either issuing or refusing the K-1 nonimmigrant visa within a reasonable time because the application remains in "administrative processing" and could be revisited by the consular officer. ECF No. 9-1 at 17-20. The Secretary contends the Court lacks jurisdiction over Plaintiffs' claims because the consular officer has already met that duty by refusing the application under INA § 211(g) and, thus, Plaintiffs cannot identify a clear *unperformed* non-discretionary duty that would trigger the Court's ability to review the refusal.

The Court assumes for the purposes of this decision that section 41.121(a) creates a clear non-discretionary duty to issue or refuse a nonimmigrant visa. 22 C.F.R. § 41.121(a). But the consular officer met this duty by refusing the visa pursuant to INA 221(g), which section 41.121 expressly recognizes as a proper way to discharge this duty. *Id*. Thus, dismissal is appropriate.

In *Turner*, a case with the same posture as this one, the court held that the consular officer had also met this duty by refusing the visa based on INA § 221(g) and

placing the application in administrative processing. 2024 WL 4957178, at *4-6; *see id.* at *6 (holding that because "[t]he consular officer who interviewed [the applicant] already determined that he was ineligible for a K-1 visa, which fulfills Defendants' non-discretionary duty," Defendants had not "failed to fulfill a discrete, non-discretionary duty to act after their refusal of [the applicant's] visa pursuant to § 221(g)"). The court in *Turner* further noted that "many courts in the Fourth Circuit have held that refusal of a visa under § 221(g) fulfills immigration officials' discrete, non-discretionary duty regarding visa applications." *Id.* at *5 (citing cases); *see also Yaghoubnezhad v. Stufft*, 23-cv-03094-TNM, 2024 WL 2077551, at *10 (D.D.C. May 9, 2024) ("Without any statute or regulation pointing to additional discrete action [beyond refusal under § 221(g)] that State is required to take, Plaintiffs cannot compel State to take any further action on their applications under § 706(1)."); *Sedaghatdoust v. Blinken*, 735 F. Supp. 3d 1, 7 (D.D.C. 2024) ("[T]he *only* duty that the statute or regulations impose on consular officers is a duty to grant or refuse a visa. And that duty has been performed; Sedaghatdoust's application has been refused. The statute does *not* create an additional duty to engage in post-refusal reconsideration of the visa application. So Defendants have fully performed the only duties they have, and mandamus will not lie against them for failure to perform further acts that are within their own discretion.") (internal citations omitted).

    A recent unpublished opinion from the Court of Appeals for the D.C. Circuit, *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024), is also instructive. *Karimova* involved an applicant for an immigrant visa (as opposed to the nonimmigrant visa at issue here) who sought to compel the consular officer who refused

7

her visa and placed her application in administrative processing to make a final decision to issue or refuse the visa. *Id*. at *1-*2. The court in *Karimova* reasoned that:

> If the consular officer gets enough new information [after the application is placed in administrative processing], the officer can determine *sua sponte* that the administrative processing is "completed" and may then re-open and re-adjudicate the applicant's case. [9 FAM] § 306.2-2(A)(a)(2). Unless and until that happens, though, the visa application remains officially refused.

*Id*. at *2. The court continued that plaintiff Karimova had therefore not "identif[ed] a legally required, discrete act that the [agency] has failed to perform" other than to issue or refuse the visa application, which had been performed. *Id*. at *3-4 (quoting *Montanans for Multiple Use v. Barbouletos*, 568 F.3d 225, 227 (D.C. Cir. 2009)). Ultimately, the court concluded that:

> Karimova sued in district court to obtain the exceptional and rare relief of an order compelling the consular officer overseeing her visa application to make yet another "final decision" on her already-refused visa application. Because Karimova has not identified an adequate legal basis for that duty, the district court properly dismissed her claim.

*Id*. at *6. Plaintiff Karimova only relied on section 555(b) of the APA as the alleged source for an additional duty, *id*. at *3, but the reasoning is applicable to Plaintiffs' other arguments here as well, as they all rely on the alleged non-final nature of a refusal under INA § 221(g).

As stated, Plaintiffs also assert that 5 U.S.C. § 555(b) creates a clear non-discretionary duty on which the Secretary has failed to act. But as other courts have held, section 555(b) does not create an additional actionable duty because its instruction to conclude matters presented to an agency "within a reasonable time," 5 U.S.C. §

8

555(b), "is not sufficient to create the discrete, non-discretionary duty required to enable judicial review of agency inaction under APA § 706(1)." *Turner*, 2024 WL 4957178, at *5 (citing *Gonzalez v. Cuccinelli*, 985 F.3d 357, 365-66 (4th Cir. 2021)); *see also Karimova*, 2024 WL 3517852, at *3 ("Section 555(b) . . . simply expresses 'a congressional view that agencies should act within reasonable time frames'" and does not create a clear, non-discretionary duty to act) (quoting *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 77 (D.C. Cir. 1984)); *Ishaq v. Schofer*, No. 8:24-cv-00207-TJS, 2024 WL 3729107, at *5 (D. Md. Aug. 8, 2024) ("[T]he general directive of Section 555(b) is a far cry from the 'discrete agency action' that courts require when issuing an order compelling agency action "unlawfully withheld or unreasonably delayed.") (quoting *Hi-Tech Pharmacal Co. v. U.S. Food & Drug Admin.*, 587 F. Supp. 2d 1, 9 (D.D.C. 2008)).

Finally, Plaintiffs cite in their complaint (but not in their response to the motion to dismiss) 22 C.F.R. § 42.81(e) as providing a clear non-discretionary duty to further adjudicate the visa application beyond the section 221(g) refusal. ECF No. 1 ¶¶ 14, 49, 67. Section 42.81 and section 41.121 are similar, but the former governs immigrant visas while the latter governs nonimmigrant visas like the K-1 visa at issue in this case. Unlike section 41.121 (with respect to nonimmigrant visas), section 42.81 contains an additional provision—for immigrant visas—that if a visa is refused pursuant to INA § 221(g) and placed in administrative processing, and the applicant "adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based, the case shall be reconsidered." 22 C.F.R. § 42.81(e). Regardless of whether this section creates a clear non-discretionary duty to recontact the applicant after refusing an immigrant visa under INA § 221(g), *see Parva v. Blinken*, No. CV 23-3287-TDC, 2024

9

WL 4042466, at *4 (D. Md. Sept. 4, 2024) (concluding that such a duty exists), it is not relevant here in the context of a *nonimmigrant* visa application, to which section 42.81 does not apply. *See Turner*, 2024 WL 4957178, at *5 n.12 ("The K-1 visa that Plaintiffs seek here is a nonimmigrant visa that is not subject to 22 C.F.R. § 42.81(e).").

Plaintiffs have failed to present a clear non-discretionary duty owed to them by the Secretary. As a result, the Court lacks jurisdiction to hear their claims.

## CONCLUSION

To the extent the Secretary has a clear non-discretionary duty to issue or refuse a visa, he has performed that duty. Without establishing some other such duty that the Secretary has failed to perform, the Court lacks subject matter jurisdiction over Plaintiffs' claims. Thus, the motion to dismiss will be granted and the case dismissed.

Date:  March 13, 2025              _____/s/_____
                                   Adam B. Abelson
                                   United States District Judge